This is a tort action in which Isabel Brown seeks to recover damages from the defendant for the death of her acknowledged illegitimate son, Emanuel Carter, Jr., who, it is averred, lost his life by accident while working for the defendant, and from its negligence and that of its agents and employees. Plaintiff sued in tort rather than for workmen's compensation because her son was under the age of eighteen years.
For a cause of action, plaintiff alleged that defendant's manager hired her son without her knowledge and also two other colored boys of the same age, put them in charge of a large truck and sent them into the woods to load and haul crossties to a *Page 849 
creosote plant in Winnfield, Louisiana; that the boys had almost completed the loading of the truck when some of the ties rolled off and crushed her son so badly that he died in a hospital one week later; that it was gross negligence on the part of defendant's agents and employees to put the three inexperienced boys in charge of said truck for the purposes stated, without the supervision of an older and more experienced person, and without warning them of the dangers attending the work.
In limine, defendant excepted to the petition as disclosing neither a cause nor a right of action. The exceptions were overruled. Answering, the defendant articulately denied each and every essential allegation of the petition save those relative to the injury and death of Emanuel Carter, Jr., and the hazardous character of its business, which are admitted.
The lower court passed on the merits of the case and held that defendant was free of negligence as the or a contributing cause of the accident and dismissed the suit. The trial judge has favored us with sound written reasons for his judgment. Plaintiff appealed. Answering the appeal, defendant re-urges the exceptions previously tendered by it and prays that same be sustained by this court.
The exceptions are based upon the proposition that a natural mother is without right under Article 2315 of the R. C. C. to recover damages for the wrongful death of her illegitimate son even though she acknowledged him as her son by notarial act prior to his death.
[1] Primarily, plaintiff's suit is based upon Article 2315 of the R. C. C., which is the general basis of our law of tort. In addition to suing for damages sustained by her because of the death of her son, she sued for an amount for the pain and suffering the boy endured for one week; that is, from the time of the accident until he died. If plaintiff should be held entitled to recover any amount on this score, her right to do so is derived from the law of inheritance and not from the law of tort. Therefore, to sustain the exceptions for the reasons urged, would still leave for decision plaintiff's right or lack of right to recover the amount due the deceased, if any, for pain and suffering. In view of this situation, the logical course to follow to finally dispose of the case will be to do as the lower court did, to-wit: Predicate judgment upon the issue of negligence, because we have reached the same conclusion thereon as did the lower court.
Defendant denied that when injured Emanuel Carter, Jr., was in its employ, and considerable testimony was adduced on this issue. It is not free of uncertainty, but in view of the conclusion we have reached on the pivotal issue in the case, it may be conceded, without material influence upon the final result, that he was in the defendant's employ when the accident occurred.
Defendant is engaged in the business of purchasing, manufacturing and selling of crossties. It owns trucks that are entrusted to its employees to drive into the woods and elsewhere to load ties and haul them to a creosote plant in Winnfield, Louisiana. On the morning of January 1, 1946, a Negro man named Ivry Cooper, then in his twenty-first year, was employed by Mr. Claude Randolph, defendant's supervisor, to pick up some ties in Grant Parish and haul them to the plant. This man had had previous experience in this sort of work. One of defendant's trucks was delivered to him with which to do the hauling. The deceased was present when Cooper took over the truck and got into it with him. After going a short distance another Negro man, Leonard Howard, joined them and they proceeded to the locus of the ties. Another of defendant's trucks, driven by J.N. Cooksey, one of its supervisors, preceded the one in Cooper's charge in order to direct him to the location of the ties. When the trucks reached the scene of the ties the three Negro men began to load them. Cooksey remained there and looked on until the truck was half loaded, and he then drove away.
The crossties involved were heavy and were lifted to the truck's body by the combined efforts of Cooper, Howard and the deceased, one being at each end and one in the middle. Fifty ties constitute a truck load and forty-nine had been successfully deposited on the truck bed, in tiers of five, and when the fiftieth tie was lifted or *Page 850 
thrown to the top of the incompleted tier, the whole tier toppled over and fell. Cooper and Howard, by prompt action, escaped injury, but Carter's escape was blocked by some bushes in which be became entangled. He was knocked to the ground and several of the ties fell upon him.
Cooper testified that it is possible when the last tie was placed upon the last tier, the ties became top heavy and fell over. The ties were hewn and the surfaces thereof were uneven. It is likely that Cooper's theory as to why the ties fell, is correct.
Mr. Cooksey testified that the ties were loaded in the customary manner and that it was not uncommon for ties to fall from a truck while being loaded, as happened in the present case.
Loading crossties on a truck requires only manual labor. No special skill or long experience is required to qualify a man to successfully do this. While it is not shown that the deceased had previously engaged in loading ties, it is certain that after assisting in the loading of forty-nine of them he was as competent to do so as were his fellow workmen, and as much so as he would ever be. It is manifest that if the ties were incompetently loaded, the deceased was as much responsible therefor as was anyone else.
The danger incident to loading the ties was obvious and not extraordinary. It required no word from anyone to enlighten the deceased and his fellow workmen of this fact. Ties are heavy and every one knows that if one or more fall upon a person, serious injury or possible death will certainly follow.
So far as concerns supervision of the loading by some adult persons possessed of experience, we find no reasonable ground for complaint. Cooper and Howard were grown men, and as said before, Cooper was experienced in this line of work. Naturally, when the loading began he imparted to Howard and the deceased the customary method for getting the ties onto the truck's body. Cooksey looked on, and in a manner supervised the loading While he was there, and observed that the work was being properly performed.
[2, 3] It was incumbent upon plaintiff to substantiate by satisfactory proof the charge of negligence made against defendant, its agent and employees, in order to succeed herein. The proof is inadequate to support the charge. Plaintiff has signally failed to make out her case. Therefore, for the reasons herein given, the judgment from which appealed is affirmed with costs.
KENNON, J., absent.